**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

|  |  |
|---|---|
| UBS FINANCIAL SERVICES INC. and ANDREW BURISH, <br><br> Plaintiffs, <br><br> v. <br><br> DENNIS HANSEN, LESLIE HANSEN, TYLER HANSEN, NOELLE HANSEN, BRADLEY NELSON, JORDAN NELSON, LINDSEY VALENTINI, NICHOLAS VALENTINI, and MARK KRAMER, <br><br> Defendants. | Case No.  4:25-cv-00120-SMR-HCA <br><br><br> **INTERVENORS' BRIEF IN SUPPORT OF MOTION TO INTERVENE** <br><br> *[EXPEDITED RELIEF AND ORAL ARGUMENT REQUESTED]* |

Intervenors MGA Entertainment, Inc., Larian Living Trust DTD 11.12.98, Wozfam QOF, LLC, Wizardofoz QOF, LLC, MGAE Real Deal QOF, LLC, Jasmin Hekmat, Ryan Hekmat, Jason Larian, and Angela Larian (collectively "MGA") hereby submit this brief in support of their motion to intervene for the purpose of unsealing certain documents filed in this case.

**INTRODUCTION**

MGA seeks to permissively intervene in this case pursuant to Federal Rule of Civil Procedure 24(b) for the limited purpose of unsealing filings relating to Defendants' Brief in Resistance to Plaintiffs' Motion to Vacate (ECF 23), specifically, Exhibits A and C in support thereof (the "Sealed Filings").

MGA is currently engaged in an arbitration against Plaintiff UBS Financial Services Inc. ("UBS"). That arbitration (the "MGA Arbitration") involves the same causes of action and allegations underlying the arbitration at issue in this case (the "Hansen Arbitration"): that UBS's Private Wealth Management Group breached its fiduciary duty and committed fraud in connection

1

with its management of investors' accounts, in particular, short positions taken on Tesla securities in 2020. Like the Hansen Arbitration, the MGA Arbitration is governed by Financial Industry Regulatory Authority ("FINRA") rules and involves common questions of fact and law regarding UBS's compliance with FINRA's suitability rules relating to Tesla short positions, and UBS's knowledge and concealment of information undermining those positions (*e.g.*, that Tesla was undervalued and UBS's own internal opinion on the stock was "neutral" in March 2020). Similarly, the arbitrations share common issues like the suitability of Tesla trading strategies recommended by UBS's Private Wealth Management Group, UBS's negligent supervision of financial advisors in the Group, and doctoring of notes in UBS's customer record-keeping system to absolve UBS and its financial advisors of liability for advice UBS provided to customers. UBS's failure to take remedial action toward its financial advisors for communication violations is also a common thread in both arbitrations.

A two-week hearing is currently scheduled to begin in March 2026 in the MGA Arbitration. MGA seeks to intervene in this matter to move to unseal and access the Sealed Filings to evaluate UBS's claims, defenses, and the positions UBS has taken with respect to its performance of its duties as a financial advisor in this related litigation.

Here, MGA satisfies the requirements for permissive intervention under Rule 24(b). This motion is timely; it was brought only three months after the Sealed Filings were lodged with the Court and merely five months after this case commenced. The MGA Arbitration and this case involve common questions of law and fact. Both cases involve common parties (UBS), common claims (breach of fiduciary duties, violation of suitability rules, failure to supervise/negligent supervision, and fraudulent non-disclosure), and common facts (securities recommendations and

2

transactions involving Tesla). Accordingly, MGA respectfully requests that this Court grant this motion to intervene for the purpose of moving to unseal the Sealed Filings.

## BACKGROUND

On February 28, 2025, Defendants in this case (the "Hansen Investors") prevailed against UBS (their brokerage firm) and Andrew Burish (their financial advisor) on claims of breach of fiduciary duty, violation of FINRA suitability rules, failure to supervise/negligent supervision, and fraudulent non-disclosure in the Hansen Arbitration. (ECF 1-14). The FINRA panel awarded the Hansen Investors over $92 million in compensatory and punitive damages. (ECF 1-14, at 4–5).

The Hansen Investors are not the only victims of UBS's misconduct. MGA is currently engaged in a FINRA arbitration against UBS that involves the same claims, factual allegations, and securities transactions at issue in the Hansen Arbitration. (Declaration of Kevin S. Kim ("Kim Decl.") ¶ 2). For example, MGA asserts claims against UBS for breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, failure to supervise, misrepresentation, and negligence, arising from short sale transactions in Tesla securities placed on MGA accounts that were managed by UBS's Private Wealth Management Group. (Kim Decl. ¶¶ 2-3). Like the Hansen Arbitration, the MGA Arbitration involves allegations that UBS's Private Wealth Management Group breached its duties regarding investments in Tesla securities held in 2020, UBS concealed key information regarding the accounts that it managed, and UBS failed to supervise its employees and ignored risks in the MGA accounts arising from the short positions in Tesla and neglected opportunities to mitigate losses in the accounts until UBS itself faced risk. (Kim Decl. ¶ 3). The MGA Arbitration hearing is scheduled to begin on March 16, 2026. (Kim Decl. ¶ 4).

On March 31, 2025, UBS and Burish (collectively, "UBS") commenced this action and moved to vacate the award in the Hansen Arbitration. (ECF 1). On June 3, 2025, the Hansen

Investors filed an unresisted Motion to Seal exhibits from the Hansen Arbitration, including arbitration hearing exhibits and transcripts of testimony that they intended to attach to their Brief in Resistance. (ECF 21, Exs. A and C). That same day, this Court granted the Hansen Investors' Motion to Seal in a text order and ordered the Hansen Investors to lodge the flash drive containing the Sealed Filings with this Court. (ECF 22). Briefing on UBS's Motion to Vacate is now complete, and the motion is pending oral argument and adjudication. (ECF 35).

### ARGUMENT

MGA meets the requirements for permissive intervention under Rule 24(b), and this Court should grant MGA's motion. Permissive intervention under Rule 24(b) is the appropriate procedural vehicle for MGA to intervene "for the limited purpose of seeking to unseal court records and docket entries." *Flynt v. Lombardi*, 782 F.3d 963, 965–67 (8th Cir. 2015). MGA, as the party seeking to intervene to unseal records, must show: (1) "timeliness of the motion," and (2) that its "claim or defense and the main action have a question of law or fact in common." *Id.* at 966.[1] MGA meets both requirements for permissive intervention here.

### I. THIS MOTION TO INTERVENE IS TIMELY.

MGA's motion to intervene was filed three months after the Sealed Filings were lodged with this Court and five months after this case commenced—well within the timeframe the Eighth Circuit has recognized as timely. In *Flynt*, the intervening party filed his motion a year <u>after</u> the case had been dismissed. 782 F.3d at 966 n.2. Even though the dispute "ha[d] long been settled,"

---

[1] Generally, a party seeking to intervene pursuant to Rule 24(b) also must show "an independent ground for jurisdiction," but "when a party is seeking to intervene only to modify a protective order or unseal documents, . . . an independent basis of jurisdiction is not required." *Flynt*, 782 F.3d at 967 (citing cases); *see also CRST Expedited, Inc. v. TransAm Trucking Inc.*, No. 16-cv-052, 2018 WL 9880439, at *3 (N.D. Iowa Oct. 9, 2018) (concluding a "right of access provides [a prospective intervenor] with standing to intervene for the purpose of unsealing judicial records filed on the docket").

the Eighth Circuit held that the motion "was timely." *Id.* So, too, here. MGA's motion to intervene is timely as the parties in this case have recently completed briefing on UBS's motion to vacate and no ruling has been entered. MGA's intervention will have no effect on the parties' litigation.

The other factors courts may consider when evaluating whether a motion to intervene is timely also support the timeliness of MGA's motion. Those factors include: (1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties. *Am. C.L. Union of Minn. v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1094 (8th Cir. 2011). Here, these factors weigh heavily in favor of granting intervention.

First, this case is still early in its proceedings. It has been just over five months since UBS filed this lawsuit. The Sealed Filings at issue were lodged only three months ago, and the parties finished briefing on the motion to vacate only two months ago. (ECF 35). Moreover, motions to intervene for the limited purpose of unsealing documents are timely "as long as the documents remain under seal because sealing places the public's interest in open access in controversy." *FTC v. AMG Servs.*, Inc., No. 2:12-cv-536, 2014 WL 6069821, at *4 (D. Nev. Nov. 13, 2014).

Second, MGA sought to intervene promptly after discovering the pendency of this action and the Sealed Filings. MGA only recently became aware of this proceeding and the Sealed Filings and moved to intervene following extended efforts to meet and confer with the parties. (Kim. Decl., ¶¶ 7-9); *Jochims v. Isuzu Motors, Ltd.*, 148 F.R.D. 624, 628 (S.D. Iowa), modified, 151 F.R.D. 338 (S.D. Iowa 1993) (granting motion to intervene because intervenors moved "fairly promptly to intervene" two months after the Court denied the plaintiff's motion to modify protective order to allow disclosure of discovery materials to intervenors).

Third, as discussed above, there was minimal (if any) delay in filing this motion as MGA moved to intervene only two months after they became aware of this proceeding and only three months after the Sealed Filings were filed in this case.

Finally, intervention that only relates to an ancillary issue, such as access to sealed information, is unlikely to prejudice the existing parties in a case. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 779–80 (3d Cir. 1994) (citing *Public Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 786 (1st Cir. 1988)). Here, MGA's intervention is ancillary and for the limited purpose of unsealing the Sealed Filings. Unlike intervention on the merits, intervention to unseal documents does not affect the underlying case and will neither disrupt nor "prejudice the adjudication of the rights of the original parties." *Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987) (permitting intervention where intervenor sought to "pursue a related claim in a somewhat similar time frame of alleged anticompetitive conduct, and to seek out discovery material to assist in that pursuit"); *see also* Order Granting Motion to Intervene at 4–6, *Sellars v. CRST Expedited, Inc.*, No. 15-cv-117 (N.D. Iowa June 13, 2018) (Mahoney, M.J.), ECF 179 (ruling that a motion to intervene for the limited purpose of unsealing court records was timely and would not prejudice party); *Jochims*, 148 F.R.D. at 628 ("[S]ince the proposed intervention in this matter is not on the merits but for the purpose of litigating an ancillary issue, the protective order entered in this case, and the merits of the case have already been fully litigated, the parties would suffer little prejudice because of intervention.").

Based on the totality of the relevant factors, MGA's motion to intervene is timely.

## II.   THERE ARE COMMON QUESTIONS OF LAW AND FACT BETWEEN THE HANSEN ARBITRATION AND THE MGA ARBITRATION THAT WARRANT INTERVENTION.

MGA also meets the second prerequisite for intervention—a legal or factual nexus between MGA's request and the dispute in this case. *See Flynt*, 782 F.3d at 967. This is not a stringent

requirement: Where a party only seeks to intervene for the limited purpose of unsealing judicial records, "there is no reason to require such a strong nexus of fact or law." *Id.* Rather, in such cases, the second requirement is <u>automatically</u> satisfied because "the public's interest in the confidentiality of the judicial records . . . [is] a question of law . . . in common between the Parties [to the original suit] and the [would-be intervener]." *Id.* at 967 (internal citation and quotation marks omitted); *see also Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000). After all, "those who seek access to sealed proceedings or documents have a right to be heard in a manner that gives full protection of the asserted right." *Jessup*, 227 F.3d at 998 (quotation marks omitted); *see also Flynt*, 782 F.3d at 965 (reversing a district court that wrongly concluded this element was not met because parties seeking to intervene to unseal records had only a "generalized interest").

Because MGA seeks to intervene to challenge the validity of a sealing order, MGA "meet[s] the requirement of [Rule] 24(b)(2) that their claim must have 'a question of law or fact in common' with the main action." *Pansy*, 23 F.3d at 778. Accordingly, the public interest in the confidentiality of the Sealed Filings, alone, satisfies the commonality requirement of Rule 24(b).

This Court should also allow MGA to intervene in this action because the Hansen Investors' claims and allegations against UBS underlying this case are substantially the same as MGA's claims and allegations in the MGA Arbitration. Both arbitrations were brought against UBS (specifically, UBS's Private Wealth Management Group) in connection with financial advice and management of short positions taken on Tesla securities in 2020 that resulted in substantial losses to investors. In both cases, investors allege claims for breach of fiduciary duty, violation of FINRA's suitability rules, failure to supervise, and fraud against UBS. UBS's alleged misconduct is nearly identical, including: (i) UBS's breach of its duties in managing and monitoring the investments in Tesla securities held in claimants' accounts in 2020; (ii) UBS's failure to comply

7

with its suitability obligations relating to Tesla trading strategies recommended by UBS; (iii) UBS's concealment of key information concerning its evaluation of Tesla securities in 2020; (iv) UBS's failure to supervise its employees and communications made to investors regarding the managed accounts; (v) UBS's ignorance of the risks in the investor accounts arising from the short positions in Tesla and neglected opportunities to mitigate losses in the accounts until UBS itself faced risk; and (vi) UBS's improper modification and recordkeeping of notes in UBS's internal customer record-keeping system to absolve itself and its financial advisors of liability for recommendations and advice it provided to its customers.  In short, the Hansen Arbitration and the MGA Arbitration share common questions of law and fact that go well beyond the commonality requirement for intervention under Rule 24(b). As such, intervention should be allowed.

## CONCLUSION

MGA satisfies the requirements of Rule 24(b) for permissive intervention in this case. MGA's motion is timely, and the MGA Arbitration shares common questions of law and fact with the Hansen Arbitration. Accordingly, the Court should permit intervention by MGA.


Dated: September 19, 2025                    **MICHELMAN & ROBINSON, LLP**

By: /s/ *Kevin S. Kim*
   Kevin S. Kim*                    SBN275200
   17901 Von Karman Ave., Suite 1000
   Irvine, CA 92614
   Telephone: (714) 557-7990
   Email:  kkim@mrllp.com
   * *(pro hac vice forthcoming)*

**WEINHARDT & LANTZ, P.C.**

By: */s/ Kyle J. Essley*

    Kyle J. Essley             AT0015054
    William C. Admussen     AT0016195
    2600 Grand Avenue, Suite 450
    Des Moines, IA  50312
    Telephone: (515) 244-3100
    E-mail:  kessley@weinhardtlantz.com
                wadmussen@weinhardtlantz.com

ATTORNEYS FOR INTERVENORS
MGA ENTERTAINMENT, INC.; LARIAN LIVING TRUST DTD 11.12.98; WOZFAM QOF, LLC; WIZARDOFOZ QOF, LLC; MGAE REAL DEAL QOF, LLC; JASMIN HEKMAT; RYAN HEKMAT; JASON LARIAN; AND ANGELA LARIAN

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys of record on September 19, 2025 via CM/ECF.

Signature:               /s/ Maura McNally-Cavanagh