IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

|  |  |
|---|---|
| UBS FINANCIAL SERVICES INC.; and ANDREW BURISH,<br><br>Plaintiffs,<br><br>vs.<br><br>DENNIS HANSEN; LESLIE HANSEN; TYLER HANSEN; NOELLE HANSEN; BRADLEY NELSON; JORDAN NELSON; LINDSEY VALENTINI; NICHOLAS VALENTINI; and MARK KRAMER,<br><br>Defendants. | 4:25-cv-00120-SMR-HCA<br><br>ORDER GRANTING MOTION TO INTERVENE |

## I.   BACKGROUND

Before the Court is prospective intervenors MGA Entertainment, Inc., Larian Living Trust DTD 11.12.98, Wozfam QOF, LLC, Wizardofoz QOF, LLC, MGAE Real Deal QOF, LLC, Jasmin Hekmat, Ryan Hekmat, Jason Larian, and Angela Larian's (herein referred to collectively as "MGA") Motion to Intervene. ECF No. 37. Defendants Dennis Hansen, Leslie Hansen, Tyler Hansen, Noelle Hansen, Bradley Nelson, Jordan Nelson, Lindsey Valentini, Nicholas Valentini, and Mark Kramer (herein referred to collectively as "Defendants") do not resist the motion. Dec. Kevin S. Kim ¶ 8, ECF No. 37-2. Plaintiffs UBS Financial Services, Inc. and Andrew Burish (herein referred to collectively as "UBS") resisted the motion. Pls.' Resp. Mot. Intervene & Mot. Unseal Docs., ECF No. 51. Defendants and MGA replied. Defs.' Reply Intervenors' Mots., ECF No. 54, Intervenors' Reply Mot. Unseal & Mot. Intervene, ECF No. 57. MGA requests expedited relief and oral argument. ECF No. 37. UBS "reject[s] Intervenors' request for an expedited decision and oral argument." ECF No. 51 at 2.

1

The Court finds a hearing is not necessary to resolve the matter. *See* LR 7(c). The Court deems the matter fully submitted and ready for ruling. For the following reasons, the Court **grants** the motion to intervene.

## II. ANALYSIS

The case arises from an arbitration award Defendants obtained against UBS. Compl., ECF No. 1. MGA and UBS are engaged in a separate arbitration proceeding.[1] Intervenors' Br. Supp. Mot. Intervene 1, ECF No. 37-1. UBS requests the Court vacate the award while Defendants seek to confirm the award. ECF No. 1, Defs.' Ans. & Countercl., ECF No. 25. Defendants sought, and the Court granted, leave to file several exhibits to the answer under seal. Defs.' Mot. Submit. Exs. Via Flash Drive, ECF No. 21, Ord. Grant. Mot. Submit Exs. Via Flash Drive, ECF No. 22. MGA seeks permissive intervention for the limited purpose of unsealing several of these exhibits.[2] ECF No. 37. While the response UBS filed indicates resistance to the motion to intervene, UBS makes no substantive argument against the motion. ECF No. 51, Pls.' Br. Supp. Resp. Mot. Intervene & Mot. Unseal Docs., ECF No. 51-1.

The Court of Appeals for the Eighth Circuit has held "permissive intervention under Rule 24(b) is an appropriate procedural vehicle for non-parties seeking access to judicial records in civil cases." *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015). Federal Rule of Civil Procedure 24 provides in pertinent part, "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R.

---

[1] Plaintiff Burish is not involved in the MGA arbitration. ECF No. 51 at 5 n.2.
[2] Also pending before the Court is MGA's motion to unseal the exhibits. ECF No. 38. This Order addresses only the motion to intervene. *See Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015) (citing *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–25 (8th Cir.2013); *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir.1990)) ("The question of whether a party is allowed to intervene is distinct from the issue of whether the party's motion to unseal should be granted."). The motion to unseal shall be resolved in a separate order.

Civ. P. 24(b). The commonality requirement between the suit and aspirant intervenors' interests is relaxed "when intervenors do not seek to become parties to the litigation." *Sorin Group USA, Inc. v. St. Jude Med. S.C., Inc.*, No. 14-CV-04023 (JRT/HB), 2019 WL 2107282, *2 (D. Minn. May 14, 2019) (citing *Flynt*, 782 F.3d at 967). Accordingly, The Court **grants** MGA's motion to intervene for the limited purpose of seeking access to the parties' sealed exhibits.

### III.   CONCLUSION

For the foregoing reasons, the Court **grants** Intervenors MGA Entertainment, Inc., Larian Living Trust DTD 11.12.98, Wozfam QOF, LLC, Wizardofoz QOF, LLC, MGAE Real Deal QOF, LLC, Jasmin Hekmat, Ryan Hekmat, Jason Larian, and Angela Larian's motion to intervene, ECF No. 37.

IT IS SO ORDERED.

Dated November 5, 2025.

Helen C. Adams
U.S. Magistrate Judge