**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| UBS FINANCIAL SERVICES INC., and ANDREW BURISH,<br><br>Petitioners,<br><br>v.<br><br>DENNIS HANSEN, LESLIE HANSEN, TYLER HANSEN, NOELLE HANSEN, BRADLEY NELSON, JORDAN NELSON, LINDSEY VALENTINI, NICHOLAS VALENTINI, and MARK KRAMER,<br><br>Respondents. | Civil Action No. 4:25-cv-00120-SMR-HCA<br><br>**RESPONSE TO CLAIMANT'S SUPPLEMENTAL NOTICE** |

Petitioners UBS Financial Services Inc. and Andrew Burish submit this response to Claimants' Supplemental Notice, Dkt. 61. Claimants' Notice alerts the Court to a recent report issued by a magistrate judge in *Jannetti v. Stifel, Nicolaus & Co., Inc.*, No. 1:25-cv-21176 (S.D. Fla. February 6, 2026). For at least three reasons, *Jannetti* has no bearing on Petitioners' motion to vacate, or Claimants' motion to confirm, the nearly $70 million punitive damages award entered by the FINRA arbitration panel in this case. And *Janetti* confirms that attorney fees are unavailable to Claimants in a case like this one even if the Court rules for Claimants on the merits.

**1.** The magistrate judge's report in *Stifel* held that the Due Process Clause does not apply to arbitration proceedings under Eleventh Circuit precedent. Dkt. 61-1 at 19. That holding is of no moment here, because Petitioners do not argue that the FINRA arbitration proceeding constituted state action subject to the Due Process Clause. Instead, Petitioners argue that the award should be vacated (and should not be confirmed) because the award violates the well-established

1

public policy against excessive punitive awards. Dkt. 1-1 at 7–17. *Stifel* does not address that question one way or the other. And in the Eighth Circuit, courts are required to consider whether an arbitral award violates well-established policy. *WM Crittenden Ops., LLC v. United Food & Com. Workers*, 9 F.4th 732, 736 (8th Cir. 2021). Dkt. 34 at 2–3. Eighth Circuit precedent also holds that excessive punitive awards constitute exceptional circumstances warranting relief from a prior judgment. *See Watkins v. Lundell*, 169 F.3d 540, 544–47 (8th Cir. 1999).

**2.** Moreover, here, unlike in *Stifel*, Petitioners challenge the arbitration panel's failure to comply with the express procedural requirements of Iowa Code § 668A.1. Dkt. 1-1 at 17–20. Nothing in *Stifel* addresses that issue or otherwise suggests that the panel here acted within the bounds of its authority by relying on Section 668A.1 but disregarding its "substantive requirements for any award of punitive damages." *Harlan Feeders, Inc. v. Grand Lab'ys, Inc.*, 881 F. Supp. 1400, 1408 (N.D. Iowa 1995).

**3.** Nor is there any weight to Claimants' assertion that *Stifel* offers a "pertinent" waiver analysis. Dkt. 61 at 1–2. The magistrate judge in *Stifel* found that the respondent waived any challenge to an arbitrator's purported bias by failing to object after discovering that the arbitrator was serving on another panel involving the same respondent. Dkt. 61-1 at 7–10. This case does not involve a challenge to any arbitrator's lack of impartiality. Further, Petitioners specifically objected to punitive damages during the arbitration, *see* Dkt. 34 at 1–2, and controlling precedent in the Eighth Circuit holds that courts must review public-policy challenges to arbitral awards, even if, unlike here, the challenge was *not* preserved during the arbitration. *Boehringer Ingelheim Vetmedica, Inc. v. United Food & Com. Workers*, 739 F.3d 1136, 1142 (8th Cir. 2014).

**4.** Claimants ignore the one question on which *Stifel* is analogous to this case—whether a party seeking relief from an arbitral award must pay attorney fees if a court denies that relief.

Although the magistrate judge in *Stifel* court ruled against the party seeking vacatur, he rejected the claimants' request for attorney fees because the "Respondent raised various colorable grounds for vacatur or modification of the award and cited to a host of record evidence and applicable legal authority in support of its arguments." Dkt. 61-1 at 27.

*   *   *

For the reasons Petitioners have previously explained, the Court should vacate the award and deny Claimants' motion to confirm the award. The Court should deny Claimants' request for attorney fees.

| | |
|---|---|
| Dated: February 18, 2026 | Respectfully submitted, |
| */s/ Tyler R. Smith* | */s/ Matt Gregory* |
| Thomas J. Joensen  AT0003868 | Thomas G. Hungar (*Pro hac vice*) |
| Tyler R. Smith  AT0013123 | Matt Gregory (*Pro hac vice*) |
|    *Lead Counsel* | Emma Eisendrath (*Pro hac vice*) |
| GORDON REES LLP | GIBSON, DUNN & CRUTCHER LLP |
| 666 Grand Avenue, Suite 1701 | 1700 M Street, N.W., Washington, D.C. 20036 |
| Des Moines, IA 50309 | (202) 955-8500 |
| (515) 204-2844 | mgregory@gibsondunn.com |
| trsmith@grsm.com | |
| | Marshall R. King (*Pro Hac Vice*) |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 200 Park Avenue, New York, NY 10166 |
| | (212) 351-4000 |
| | mking@gibsondunn.com |

*Attorneys for Petitioners UBS Financial Services Inc. and Andrew Burish*

**CERTIFICATE OF SERVICE**

      I hereby certify on February 18, 2026, a copy of the foregoing document was filed with the Clerk of Court for the United States Court for the Southern District of Iowa using the CM/ECF system, which will send notification of such filing to all attorneys and parties of record.

Dated: February 18, 2026                                                         */s/ Tyler R. Smith*
                                                                                               Tyler R. Smith