**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| UBS FINANCIAL SERVICES INC., and ANDREW BURISH, <br><br> Petitioners, <br><br> v. <br><br> DENNIS HANSEN, LESLIE HANSEN, TYLER HANSEN, NOELLE HANSEN, BRADLEY HANSEN, JORDAN HANSEN, LINDSEY VALENTINI, NICHOLAS VALENTINI, and MARK KRAMER, <br><br> Respondents. | Civil Action No. 4: 25-cv-120-SMR-HCA |

**Petitioners' Response to Intervenors' Appeal of Magistrate Judge's**

**Order Denying Motion to Unseal**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND.................................................................... 1

STANDARD..................................................................................................................................... 3

ARGUMENT.................................................................................................................................... 4

    I.    The Magistrate Judge properly applied the relevant rules regarding public access to sealed documents. ....................................................................................................... 4

    II.    The Magistrate Judge correctly concluded that the Sealed Filings are not judicial records............................................................................................................................. 5

    III.    The Magistrate Judge appropriately balanced Petitioners' asserted privacy rights against the limited public interest in accessing the Sealed Filings. ........................ 8

    IV.    The Magistrate Judge correctly held that partial redaction of the Sealed Filings would be unfeasible. ........................................................................................... 11

CONCLUSION................................................................................................................................ 14

**INTRODUCTION**

Intervenors provide no basis for reversing the Magistrate Judge's thorough and well-reasoned Order Denying Intervenors' Motion to Unseal. Dkt. 62 (the "Order"). Rather, Intervenors re-hash arguments the Magistrate Judge already considered and rejected, and unconvincingly attribute error to the Magistrate Judge's reasonable decision to address the second prong of the applicable two-part test before the first – a decision that was not, as Intervenors try to suggest, in any way outcome determinative.

These objections provide no reason to question the conclusions reached by the Magistrate Judge: that the Sealed Filings should remain sealed.[1] As the Magistrate Judge concluded, the Sealed Filings are not judicial records, and, even if they were, Petitioners would have satisfied their own burden to show that their interest in protecting the confidential information contained in the Sealed Filings outweighs the public's (or Intervenors') interest in accessing them.

Having failed in their initial argument to substitute a supposed right to public access under federal law for the discovery they had every opportunity to take in their own arbitration against UBS, Intervenors have now failed to meet their substantially greater burden of overcoming the strong presumption in favor of affirming the Magistrate Judge's Order.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2022, Claimants initiated arbitration against Petitioners based on allegedly unsuitable investment advice related to the short sales of Tesla, Inc. stock. Dkt. 1-1 at 7-11. That arbitration proceeded over the course of 39 hearing sessions spread across nearly 17 months, ultimately leading to an arbitration award issued on February 27, 2025. *Id*. at 11. The arbitration panel found Petitioners liable for about $25.6 million in compensatory damages, as well as nearly $70 million

---

[1] This Response adopts the defined terms used in Petitioners' Resistance to Intervenors' Motion to Unseal (Dkt. 51), and all page citations in this Response are to the ECF-stamped page numbers for each document.

in punitive damages. *Id*.

Petitioners filed a Motion to Vacate the arbitration award, arguing that: (1) the punitive damages award is grossly excessive in violation of well-established federal and Iowa public policy; and (2) the arbitration panel failed to make necessary factual findings to support an award of punitive damages under Iowa law, and thus the award violated public policy and exceeded the arbitrators' power. *Id*. at 11-12. In support of the Motion to Vacate, Petitioners included the parties' pre- and post-hearing briefing, the parties' opening and closing arguments, and select exhibits and excerpts from the hearing transcripts. *Id*. at 8 n.1.

Claimants filed their Brief in Resistance to the Motion to Vacate on June 4, 2025. Dkt. 23. In conjunction with that filing, Claimants also sought leave from the Court to file under seal all 39 days of hearing transcripts and every exhibit introduced by Claimants at the arbitration hearing. Dkt. 21. Claimants noted that these transcripts and exhibits included "confidential financial account information, personal financial information of [Claimants], and documents [Petitioners] marked "confidential" in the underlying arbitration, the public disclosure of which would cause harm to [Claimants]." *Id*. at ¶ 3. The documents filed under seal also included the personal financial information of Mr. Burish (Claimants' financial advisor and a respondent in the arbitration), as well as the personal financial information of other clients of Mr. Burish who engaged in similar trading activity during the relevant time period. Dkt. 51 at 18-19. The total volume of documents filed under seal was over 10,000 pages – approximately 7,000 pages of transcripts and over 3,500 pages of exhibits. *Id*. at 9. The Court granted Claimants' Motion to Seal. Dkt. 22. Despite filing the entire arbitration hearing record, Claimants only cited a handful of the total documents submitted – approximately 55 pages of the over 7,000 pages of testimony, and only a portion of the total exhibits filed under seal. Dkt. 51 at 20 n.6.

2

Several months after Claimants filed these documents, Intervenors filed their Motion to Unseal (Dkt. 38) on September 19, 2025. Intervenors are litigants in an unrelated FINRA arbitration brought against UBS that is set to begin on March 16, 2026. As described in detail in Petitioners' Resistance to Intervenors' Motion to Unseal (Dkt. 51) and the accompanying Declaration of Neal S. Robb (Dkt. 51-1), Intervenors' claims against UBS are substantially different from those litigated in the FINRA arbitration at issue here.

Despite this lack of similarity, Intervenors, seeking documents to assist them in their litigation efforts, filed a motion to intervene in this case, and a motion to unseal documents that Claimants filed under seal. Dkt. 37; Dkt. 38. After briefing by Intervenors and Petitioners, as well as a submission by Claimants, the Magistrate Judge held oral argument on November 20, 2025. Dkt. 60. On February 13, 2026, the Magistrate Judge issued the Order denying Intervenors' motion. Intervenors filed their appeal of the Order on February 18, 2026. Dkt. 63 (the "Appeal").

**STANDARD**

Under Fed. R. Civ. P. 72(a), this Court "must consider timely objections [to an order of the magistrate judge] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A); LR 72A. The standard for setting aside a magistrate judge's order is "extremely deferential." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999) ("The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential."). The District Court must have "the definite and firm conviction that a mistake has been committed." *Haviland v. Catholic Health Initiatives – Iowa, Corp.*, 692 F. Supp. 2d 1040, 1042-43 (S.D. Iowa 2010) (citations omitted); *Leventhal v. Schaffer*, 612 F. Supp. 2d 1026, 1036 (N.D. Iowa 2009) (citations omitted). If the Magistrate Judge's analysis of the evidence and issues "is plausible in light of the record viewed in its entirety," an order based on that analysis cannot be "clearly erroneous." *Dixon v. Crete Med.*

*Clinic, P.C.*, 498 F.3d 837, 847 (8th Cir. 2007) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985)). Critically, repeating the same arguments initially rejected by the Magistrate Judge is insufficient to justify reversal. *Haviland*, 692 F. Supp. 2d at 1047 (finding objections to magistrate judge's grant of a protective order unconvincing when the plaintiff "simply reiterate[d] the same arguments").

## ARGUMENT

**I.     The Magistrate Judge properly applied the relevant rules regarding public access to sealed documents.**

District Courts in this Circuit are afforded substantial discretion in administering their own records, including determining whether documents should be filed under seal, and whether those sealed documents should be subsequently unsealed. *Webster Groves School Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990) ("When the common law right of access to judicial records is implicated, we give deference to the trial court rather than taking the approach of some circuits and recognizing a 'strong presumption' favoring access.").

Petitioners, Intervenors, and the Magistrate Judge all agree that the test for determining if there is a common law right of access to sealed documents is a two-step process: (1) an evaluation of whether the sealed documents are judicial records; and (2) if they are, whether the public's right to access those judicial records outweighs the parties' interest in maintaining the sealed documents' confidentiality. *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *IDT Corp. v. eBay*, 709 F.3d 1220, 1222-23 (8th Cir. 2013)). Intervenors take issue with the order in which the Magistrate Judge analyzed the two-step test, arguing that "[b]y swapping the order of operations prescribed by the Eighth Circuit, the Order also ignores that it is UBS – as the party seeking to prevent disclosure – that bears the burden to overcome the presumption in favor of public access." Appeal at 6.

4

The Order does no such thing. Judge Adams correctly recognized that: (1) the public's interest in the voluminous arbitration records filed by Claimants is low, (Order 5-8); and (2) Petitioners *had* satisfied their burden to justify maintaining the records under seal by demonstrating Petitioners' (and Claimants') significant interests in keeping Petitioners' and Claimants' sensitive commercial and financial information confidential. *Id.* at 12-13 (section heading entitled "UBS's specific confidentiality concerns"). Then, Judge Adams concluded *in the alternative* that "the exhibits at issue are not judicial records and therefore not subject to the right of public access." Order at 22.

Put differently, the Magistrate Judge first analyzed the Parties' competing interests – without any reallocation of the burden of proof – to measure the **impact** of finding that the Sealed Filings were not judicial records. Her decision to approach the issue this way had no impact on the application of the test itself. The Magistrate Judge's decision to present the analysis this way provides no basis for reversing the Order.

## II. The Magistrate Judge correctly concluded that the Sealed Filings are not judicial records.

In holding in the alternative that the Sealed Filings are not judicial records, the Magistrate Judge correctly observed that "[t]he voluminous arbitration documents will play a minimal role in the adjudication of the motions, and the Court is not to conduct an appellate-style review of the arbitration." Order at 22. Rather than a "clearly erroneous" decision that is "contrary to law," this conclusion is consistent with judicial authority in federal courts in this District and across the country.

Indeed, "not all documents filed by parties are 'judicial records;' instead, as a general rule, only those documents that are **relevant to and integrally involved** in the resolution of the merits of a case are judicial records to which the presumption of public access attaches." *Dunnigan v.*

5

*Federal Home Loan Corporation*, No. 15–2626 (SRN/JSM), 2017 WL 8947187, at *19 (D. Minn. Jan. 1, 2017) (emphasis added); *In re Application for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) ("[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights.") (citation omitted); *United States v. El-Sayegh*, 131 F.3d 158, 163 (D.C. Cir. 1997) ("[W]hat makes a document a judicial record and subjects it to the common law right of access is the role it plays in the adjudicatory process.").

Intervenors' position that "the test for a judicial record is whether ***a party has submitted it*** in support of an attempt to obtain judicial relief" misstates the question before the Court. Appeal at 8 (emphasis added). It is not the motivation of the filing party that determines whether a document is a judicial record, but rather the ***Court's*** use of the document in the exercise of its Article III judicial powers. *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995); *In re Policy Mgmt. Sys. Corp.*, 67 F.3d 296 (table), [published in full-text format at 1995 U.S. App. LEXIS 25900] 1995 WL 541623, at *3-4 (4th Cir. Sept. 13, 1995) ("[A] document becomes a judicial document when ***a court uses it*** in determining litigants' substantive rights. Therefore, we conclude that a document must play a ***relevant and useful role in the adjudication process*** in order for the common law right of public access to attach." (citation and internal citation omitted) (emphasis added)).

Despite their arguments to the contrary, Intervenors appear to understand the proper framing of the test, as shown by their analysis of *Cornet v. Twitter, Inc.*, No. 23-cv-441, 2025 WL 1158350 (D. Del. Apr. 18, 2025). In *Cornet*, the plaintiffs filed documents in support of their opposition to a motion to dismiss. *Id*. at *1. The court nonetheless held that the documents were "neither relevant nor persuasive authority and should not be considered judicial records." *Id*.

6

Intervenors here observed that "the *Cornet* court recognized that if the arbitration documents ***were*** related to a pending motion, 'the common law right of access would attach and compel' unsealing with redactions." Appeal at 8 (emphasis in original) (quoting *Cornet*, 2025 WL 1158350, at *2). Implicit in that argument is that ***only*** those documents related to the pending motion are judicial records in the first place.

Here, Claimants filed over 10,000 pages under seal. Dkt. 51 at 9. However, as Petitioners made clear, their Motion to Vacate (Dkt. 1) does not rely on disagreements regarding the evidentiary record from the arbitration, but instead turns on legal flaws in the arbitral award. Dkt. 51 at 8 n.1. The Magistrate Judge predicted that "much of the transcripts and exhibits will be cumulative, irrelevant, or non-specific, bearing little weight on the adjudication of the underlying motion to confirm" and observed that all of the relevant briefing and exhibits are available on the public docket. Order at 20. Petitioners submitted "public versions of the relevant portions of the proceedings" (Order at 10-11), while Claimants cited only a miniscule fraction of the total volume of the Sealed Filings in their briefing. Order at 20; Dkt. 51 at 20 n.6. The mere fact that they filed far more than was necessary (or was cited in the parties' briefs) does not mean the Court must review the entire arbitration record to decide this case. After all, "[j]udges are not like pigs, hunting for truffles buried in briefs or the record." *ASARCO, LLC v. Union Pacific R.R. Co.*, 762 F.3d 744, 753 (8th Cir. 2014) (quotation marks and alterations omitted).

Moreover, Petitioners have repeatedly agreed that for purposes of their Motion to Vacate the Court can accept Claimants' version of the facts as true. Dkt. 1-1 at 8 (opening brief describing "the facts below as they were presented by Claimants themselves"); Dkt. 34 at 12 (reply brief explaining that "the Court can accept as true for purposes of this motion" the facts described in Claimants' merits brief in this Court). Thus, Intervenors' assertion that Petitioners somehow

7

*admitted* that the Court needs to scour 10,000 pages of Sealed Filings to decide this case in Petitioners' favor, Appeal at 15-16, misleads the Court and otherwise lacks merit.

For good reason, therefore, the Magistrate Judge properly determined that the "likely irrelevance of a significant portion of the documents" to the court's consideration of the Motion to Vacate compels the conclusion that the Sealed Filings are not judicial records, and thus do not implicate a public right to access. Order at 22.

Nor are Intervenors correct in suggesting that the Order adopted a blanket rule that "documents submitted in supporting or attacking arbitration verdicts are not judicial records." Appeal at 10. Instead, Judge Adams made a narrow ruling that the voluminous documents Intervenors seek in *this* case are not judicial records because they "will play a minimal role in the adjudication of the" parties' cross-motions for case- and fact-specific reasons. Order at 22. Intervenors have not satisfied their burden of showing that this finding was "clearly erroneous."

**III.    The Magistrate Judge appropriately balanced Petitioners' asserted privacy rights against the limited public interest in accessing the Sealed Filings.**

Intervenors also dispute the Order's conclusion that "the parties' confidentiality interests outweigh the presumption of public access[.]" Order at 13; Appeal at 10. Intervenors argue that Petitioners failed to provide specific details regarding the extent to which the Sealed Filings contained sensitive, financial information which deserves protection, and argue that "[n]either UBS nor the Order has provided citations for where the so-called sensitive information appears in the Sealed Filings[.]" Appeal at 12.

This is incorrect. Petitioners cited dozens of exhibits in the Sealed Filings containing sensitive information, and pointed out that the arbitration hearing transcripts contain thousands of pages of testimony concerning Claimants' personal finances, the personal finances of other non-party customers of Mr. Burish, the personal finances of Mr. Burish himself, as well as UBS's

8

internal regulatory and compliance policies and procedures. Dkt. 51 at 19.  Beyond those citations, the Magistrate Judge engaged in the thorough, case-by-case analysis of the facts, circumstances, and privacy interests at issue as required by binding authority in the Eighth Circuit.  Order at 9-13; *see Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990).

First, the Magistrate Judge held that Petitioners did not waive their right to object to publication of the Sealed Filings by filing their Motion to Vacate, because "to say the mere act of filing a motion to vacate or confirm automatically opens a party up to disclosure of all case filings and exhibits, regardless of content or relevance, would be an oversimplification of the Eighth Circuit analysis." Order at 9.  Next, the Magistrate Judge pointed out that significant portions of the record in this matter are publicly available, including all of the parties' briefs, everything Petitioners filed in support of their briefing, and the Court's order – all of which will provide the public with the ability "to understand the Court's holding and monitor the Court's proceedings" such that the public's ability to monitor the functions of the courts will be vindicated.  Order at 22.  This conclusion echoes the rationale behind the common law right of public access to judicial records: to "bolster[] public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings" and "providing a measure of accountability to the public at large." *Amador v. 3M Co. (In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.)*, 9 F.4th 768, 791 (8th Cir. 2021).

The Magistrate Judge then acknowledged that the confidential nature of arbitrations is a judicially recognized factor to weigh in determining whether to keep the Sealed Filings under seal, and that this consideration adds to Petitioners' other enumerated interests in determining whether to protect this information.  Order at 12.  In weighing this factor, the Magistrate Judge credited the agreement between Claimants and Petitioners to arbitrate their dispute in FINRA's confidential

forum, and highlighted the FAA's "overarching principle" that courts must protect the parties' expectation of that confidentiality. Order at 11-12; Dkt. 51 at 20; *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013). This factor is not dispositive of the question of whether the Sealed Filings should remain under seal (nor do Petitioners or the Magistrate Judge suggest that it is), but courts do account for arbitrating parties' intentions to protect arbitration materials when evaluating whether to make those materials publicly available. *See UBS Fin. Servs. v. Padussis*, 127 F. Supp. 3d 483, 501 (D. Md. 2015), *aff'd*, 842 F.3d 336 (4th Cir. 2016) (sealing documents attached to pleadings that described sensitive financial information in part based on arbitrating parties' confidentiality agreement); *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 592 F. Supp. 2d 825, 828 (E.D. Pa. 2009) (sealing arbitration award because of the parties' confidentiality agreement, the lack of public interest in a private arbitration, and public policy encouraging confidential arbitration proceedings).

Finally, the Magistrate Judge explained that both Petitioners and Claimants agree that the Sealed Filings contain "personal, financial, and business information" that is not generally publicly available. Order at 12-13. For example, the Sealed Filings contain information related to Mr. Burish's personal investments, his trading history, and documents referencing his net worth, income, and compensation from UBS. Dkt. 51 at 19. They also contain similar information for other customers of Mr. Burish, whose trading history was compared to Claimants' own during the arbitration. *Id*.

The Magistrate Judge contrasted Petitioners' heightened interest in keeping the Sealed Filings confidential against the relatively low public interest in their publication. Order at 7. In doing so, the Magistrate Judge followed the practice of the Eighth Circuit, where courts find that there is a limited right to public access where a party seeks them "solely to assist himself in an unrelated

and private case." *Sorin Group USA v. St. Jude Medical*, No. 14-CV-04023 (JRT/HB), 2019 WL 2107282, at *5 (D. Minn. May 14, 2019). As the Magistrate Judge noted, Intervenors' interest in the Sealed Filings is similar to the interest advanced by the intervening party in *Sorin Group*. There, the intervenor sought deposition transcripts filed under seal for use as potential exhibits in intervenors' own trial against the plaintiff. *Id*. at *2. In rejecting the intervenor's efforts to access sealed documents, the *Sorin* court noted that while the sealed documents "may well be relevant to [intervenor's] tort claims" the intervenor was not seeking to vindicate any public right to access judicial records. *Id*. at *5; *see also Bair Hugger*, 9 F.4th at 792 (affirming decision to seal filings in part because the requesting party's motivation to unseal documents was to use them for personal and commercial benefit).

Taken together, the Magistrate Judge held that – even if the documents were considered judicial records – the balance of interests weighs in favor of maintaining the confidentiality of the Sealed Filings. Intervenors disagree with this conclusion, but fall far short of establishing that the Magistrate Judge's fact-intensive analysis was "clearly erroneous." Because Intervenors cannot do so, the Court should affirm the Order.

**IV.     The Magistrate Judge correctly held that partial redaction of the Sealed Filings would be unfeasible.**

Intervenors suggest that *IDT Corp.*, 709 F.3d at 1224 supports their position that the Sealed Filings need not remain protected in their entirety, and that targeted redactions are an appropriate solution. Appeal at 11. However, Intervenors overstate the holding in that case. There, the dispute related to a single civil complaint for patent infringement filed under seal – not thousands of pages of evidence and testimony as is the case here. *IDT Corp.*, 709 F.3d at 1221-22. In remanding the case to the district court, the Eighth Circuit recognized that "confidential information may be so embedded" in documents filed under seal that "line-by-line redaction is impossible" or "redaction

might be insufficient to protect the interests that justify sealing[.]" *Id*. at 1224. Ultimately, the Eighth Circuit remanded the case to the district court to evaluate "whether redaction of confidential business information is practicable." *Id*. at 1225.

Here, the Magistrate Judge engaged in the exact type of evaluation the Eighth Circuit in *IDT Corp.* held was necessary before determining that documents should remain sealed. The Order notes that "[t]he nearly 10,000 pages included in the two exhibits at issue contain an incalculable number of references to confidential information making line-by-line redaction impracticable." Order at 13. This "incalculable" amount of sensitive information makes redaction impractical, time intensive, and expensive, as was noted by Claimants when they requested permission to file the Sealed Filings under seal (Dkt. 21 at ¶ 3), by the Magistrate Judge in the Order (Order at 13), and implicitly by Intervenors themselves when they proposed the alternative solution of releasing the Sealed Filings only to Intervenors instead of undertaking the burdensome process of line-by-line redactions before publishing the Sealed Filings to the public. Dkt. 38-1 at 10-11.

Despite this, Intervenors contend that Petitioners have not made any showing that redaction would be unfeasible. Appeal at 17. As stated above, this is incorrect. Intervenors also cited *Davita Healthcare Partners, Inc. v. United States*, 131 Fed. Cl. 42, 44 (Fed. Cl. 2017) for the proposition that "considerations of timing and costs are outweighed" by the presumption in favor of public access. Appeal at 17-18. First, the *Davita* court made clear that its holding was based on the specific facts of that case. Indeed, the court's full language was "***these*** considerations of timing and cost are outweighed by . . . ." *Davita*, 131 Fed. Cl. at 44 (emphasis added). Intervenors simply ignore that the proposed redactions in that case only concerned 1,645 pages of documents, or approximately 10% the volume of documents requiring redaction in this case – a fact that certainly supports the Magistrate Judge's finding that line-by-line redactions in this case would be unduly

12

burdensome and ultimately unfeasible. *Id*.

Petitioners' position is not comparable to the party resisting unsealing in *Grynberg v. BP P.L.C.*, 205 F. Supp. 3d 1 (D.D.C. 2016), which failed to explain "what material in the disputed exhibits" fell within protectable categories of sensitive information. *Id*. at 4. Nor can it be compared to the government's position in *United States v. Pickard*, 733 F.3d 1297 (10th Cir. 2013), which "did not articulate any such interest" in keeping documents sealed at all. *Id*. at 1303. Rather, Petitioners have explained, with citations and examples, how pervasive the sensitive material is throughout the Sealed Filings, which focused almost exclusively on the sensitive financial affairs of Claimants, the internal policies and procedures of UBS, and even the finances of unrelated non-parties and Mr. Burish himself. Intervenors do not cite to any cases requiring Petitioners to explain in granular detail the contents of the sensitive information contained in the Sealed Filings – as such an exercise would defeat the purpose of filing the documents under seal in the first place.

The Magistrate Judge evaluated the feasibility of redacting the material contained in the Sealed Filings and came to the reasonable conclusion that it would be impractical given the nature of the information and how thoroughly it permeates the Sealed Filings. Intervenors provide no basis to forgo the substantial deference afforded to the Magistrate Judge's Order, only disagreeing with the relative weights given to these factors. But mere disagreement with the Magistrate Judge's analysis does not equate with the sort of "clearly erroneous" conclusion meriting reversal. The Court should defer to the Magistrate Judge's analysis, and affirm the Order.

\*   \*   \*

# CONCLUSION

Intervenors have provided no basis to second-guess the well-reasoned conclusions in the Order. For the above reasons, Petitioners respectfully request that the Court affirm the Magistrate Judge's Order denying Intervenors' Motion to Unseal.

Dated: March 4, 2026

/s/ *Thomas J. Joensen*
Thomas J. Joensen  AT0013123
Tyler R. Smith  AT0003868
   *Lead Counsel*
GORDON REES LLP
666 Grand Avenue, Suite 1701
Des Moines, IA 50309
(515) 204-2844
trsmith@grsm.com

Respectfully submitted,

/s/ *Neal S. Robb*
Neal S. Robb (*Pro hac vice*)
STRADLEY RONON STEVENS & YOUNG, LLP
1 World Trade Center, Suite 2575
Long Beach, CA, 90831
562.366.1647
nrobb@stradley.com

Thomas G. Hungar (*Pro hac vice*)
Matt Gregory (*Pro hac vice*)
Emma Eisendrath (*Pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W., Washington, D.C. 20036
(202) 955-8500
mgregory@gibsondunn.com

Marshall R. King (*Pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, New York, NY 10166
(212) 351-4000
mking@gibsondunn.com

*Attorneys for Petitioners UBS Financial Services Inc. and Andrew Burish*

## CERTIFICATE OF SERVICE

I hereby certify on March 4, 2026, a copy of the foregoing document was filed with the Clerk of Court for the United States Court for the Southern District of Iowa using the CM/ECF system, which will send notification of such filing to all attorneys and parties of record.

Dated: March 4, 2026                                                                 */s/ Neal S. Robb*
                                                                                                      Neal S. Robb